# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14cv8

| | |
|---|---|
| **JENNIFER DANIELSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **MARY CURTIS, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

Pending before the Court are Defendants' Motions to Dismiss [# 18 & # 20]. Plaintiff brought this action asserting a claim for gender discrimination under Title VII of the Civil Rights Act of 1964 and a claim under the Equal Pay Act. Subsequently, Defendants moved to dismiss the Complaint in its entirety. The Court informed Plaintiff of her obligation to respond to the motions and the manner for doing so (Order, Jun. 30, 2014), but Plaintiff failed to respond or comply with the Court's Order. The Court **RECOMMENDS** that the District Court **GRANT** the motions [# 18 & # 20].

## I.    Background

Plaintiff is a resident of North Carolina and former employee of Circuit World Wireless. (Pl.'s Compl. at pp.1, 5.) Defendants Mary Ruth Curtis and

Marvin Curtis are owners of Circuit World Wireless, which employees over forty individuals. (Id. at pp. 1-2, 7.) Plaintiff started working at the Blairsville, GA Circuit World Wireless location as a collections manager. (Id. at p. 5.) After she was harassed by the male staff she was transferred to the Murphy, N.C. location and made a sales associate. (Id.) Subsequently, Plaintiff was promoted to sales manager and then to general manager. (Id.) Plaintiff contends that she made substantially less money as general manage than the male she replaced. (Id. at p. 4.)

After Plaintiff was promoted to general manager, Defendant Mary Ruth Curtis sold Circuit World Wireless to her son, Defendant Shane Curtis, and Defendant Michael Shepard. (Id.) However, no money was ever exchanged for the sale. (Id.) At some point, the company was re-named No Contract Cellular. (Id. at pp. 2, 6.)

Defendant Shepard convinced Defendant Mary Curtis to demote her from general manager to sales manager so that he could take the general manager position. (Id. at p. 6.) Plaintiff was then laid off due to lack of work. (Id. at pp 4, 7.) Plaintiff, however, contends that there was plenty of work at the time, and that the real reason she was laid off was because of her gender and because Defendants wanted an all-male staff. (Id. pp. 4, 6-7.)

Plaintiff then filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Circuit World Wireless and No Contract Cellular asserting gender discrimination claims and claims under the Equal Pay Act. (Ex. A to Def. Marvin Curtis and Mary Curtis Mot. Dismiss.) The EEOC then issued Plaintiff a Notice of her right to sue and Plaintiff brought this action against Defendants. (Ex. 1 to Pl.'s Compl.) Defendants moved to dismiss the Complaint, and the Court entered an Order explaining to Plaintiff her obligation to respond to the Motions to Dismiss and her time frame for doing so. (Order, Jun. 30, 2014.) Plaintiff, however, failed to file a response or comply with the Court's Order. The Motions to Dismiss are now before this Court for a Memorandum and Recommendation to the District Court.

**II.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of

action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256;

Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. Title VII**

Count One asserts a claim for gender discrimination against Defendants pursuant to Title VII. Title VII makes it unlawful for an employer to discriminate against an employee on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). As a general rule, however, an individual supervisor may not be held liable under Title VII. Lissau v. Southern Food Serv., Inc., 159 F. 3d 177, 181 (4th Cir. 1998); Buckner v. Gen. Signal Tech. Corp., 163 F. Supp. 2d 617, 626 (W.D.N.C. 2000) (Cogburn, Mag. J.). An individual, however, may be liable if he or she constitutes an employer within the meaning of the statute. See 42 U.S.C. §2000e; Mayes v. Moore, 419 F. Supp. 2d 775, 790 (M.D.N.C. 2006) ("Within this circuit, individual supervisors, unless they are otherwise an employer under the statute, are not liable for Title VII claims."). Moreover, an individual who is not the formal employer of a plaintiff under the statute can, in limited circumstances, be a proper defendant under Title VII under a piercing the corporate veil theory. Mayes, 419 F. Supp. 2d at 780; see also Worth v. Tyler, 276 F.3d 249, 259-260 (7th Cir. 2001) (holding

that a piercing the corporate veil theory can render an entity that does not maintain a formal employment relationship with the plaintiff a proper defendant under Title VII). As the United States District Court for the Middle District of North Carolina explained:

> This rule's rationale is fairness. Normally, a shareholder is not liable for the corporate liability. If the shareholder controlled and used the corporate form inequitably, then the controlling shareholder is, in equity, the party that should pay the liability. The individual is responsible for the Title VII violation not because he committed the violation but because he unfairly used the corporate form; thus, he should not receive the usually attendant "limited liability" afforded to shareholders.

Mayes, 419 F. Supp. 2d at 780.

Here, Plaintiff names four individuals as defendants in this action but fails to assert any claims against her alleged employers, Circuit World Wireless and No Contract Cellular. Although the Complaint alleges that some of the Defendants were owners of her corporate employers, the Complaint is devoid of any allegations that any of the Defendants were employers within the meaning of Title VII. Even the Charge of Discrimination lists Circuit World Wireless and No Contract Cellular as her employers, not the individual Defendants. Moreover, there are no allegations that could support a piercing the corporate veil theory against any of the Defendants. Finally, Plaintiff has failed to offer any argument in response to Defendants' motion. Because Plaintiff failed to bring this action

against her actual employers, the Title VII claim is subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the motions [# 18 & # 20] as to Count One.

### B. Equal Pay Act

Count Two asserts a claim under the Equal Pay Act, which prohibits an employer from providing its employee with unequal pay because of the employee's gender. 29 U.S.C. § 206(d). Liability is limited to employers subject to the Fair Labor Standards Act. Washington Cnty. v. Gunther, 452 U.S. 161, 167, 101 S. Ct. 2242, 2247 (1981). To establish a prima facie case under the Equal Pay Act, Plaintiff must show that her employer pays different wages to male and female employees even though both employees perform equal work on jobs requiring equal skill, effort, and responsibility under similar working conditions. Corning Glass Works v. Brennan, 417 U.S. 188, 195, 94 S. Ct. 2223 (1974); Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994). Plaintiff's Equal Pay Act claim fails for the same reason as her Title VII claim fails – Plaintiff failed to bring the claim against her employers. Plaintiff's Complaint alleges that she was employed by Circuit World Wireless and No Contract Cellular; neither of these entities are named as defendants in this action. Moreover, there are no allegations that any of the Defendants are employers within the meaning of the Equal Pay Act.

Because the Equal Pay Act makes it unlawful for *employers* to discriminate on the basis of sex, and the Complaint fails to allege that any of the Defendants were Plaintiff's employers, the Equal Pay Act claim is subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the motions [# 18 & # 20] as to Count Two.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 18 & # 20] and **DISMISS** the Complaint.

Signed: August 21, 2014

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).